KEMNITZER, BARRON, & KRIEG, LLP
BRYAN KEMNITZER        Bar No. 066401
NANCY BARRON           Bar No. 099278
KRISTIN KEMNITZER      Bar No. 278946
445 Bush St., 6th Floor
San Francisco, CA 94108
Telephone: (415) 632-1900
bryan@kbklegal.com
nancy@kbklegal.com
kristin@kbklegal.com

LYNGKLIP & ASSOCIATES, PLC
IAN LYNGKLIP           Michigan Bar No. P47173
PRIYA BALI             Michigan Bar No. P78337
24500 Northwestern Hwy #206
Southfield, MI 48075
Telephone: (248) 208-8864
ian@michiganconsumerlaw.com
priya@ michiganconsumerlaw.com

Attorneys for Plaintiff Adam Gavzer and the putative class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GAVZER, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>AMERICAN CORADIUS INTERNATIONAL LLC, and DOES 1-10<br><br>Defendants<br>_____/ | **Case No.**<br><br>CLASS ACTION<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227, *ET SEQ.***<br><br>JURY TRIAL DEMANDED |

Plaintiff Adam Gavzer, on behalf of himself and all others similarly situated (herein "the putative class members"), alleges upon information and on belief, as follows.

## INTRODUCTION

1. Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. (the "TCPA") in response to widespread complaints about unsolicited and unauthorized telephone

calls made to non-consenting consumers through the use of automatic telephone dialing systems ("ATDS" or "autodialer") and/or by use of artificial or prerecorded voice. Sponsoring Senator Ernest "Fritz" Hollings called such calls "the scourge of modern civilization." 137 Cong. Rec. 30,821-30,822 (1991). Congress found that unwanted automated calls were a "nuisance and an invasion of privacy, regardless of the type of call" and that banning such calls was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§2 (10-13) (Dec. 20, 1991), codified at 47 U.S.C. §227. To this end, the TCPA prohibits any person, including businesses and corporations, from making any call (other than a call made for emergency purposes or with the prior express consent of the called party) to any cellular telephone using any ATDS, and/or using artificial or prerecorded voice.

2. Plaintiff is among those persons whose cellular telephone number AMERICAN CORADIUS INTERNATIONAL LLC (hereinafter "ACI") called while attempting to collect a debt from a borrower who is not a party to this action. Plaintiff and each putative class member did not consent, either expressly or by implication, at any time whatsoever, to allow ACI to call them at the number assigned to their cellular telephone. Plaintiff and each putative class member paid a subscriber fee for their use of the cellular telephone which ACI called, or had such fee paid on his or her behalf.

3. ACI's unwanted calls caused Plaintiff and the putative class the very harm that Congress sought to prevent – a "nuisance and invasion of privacy." The calls wasted Plaintiff's and the putative class member's time and money, as they trespassed on and interfered with their rights and interest in the use of their cellular telephones. The calls were an intentional intrusion upon their solitude or seclusion, disrupting their peace and quiet; the calls tied up their phone lines, trespassed on their telecommunications equipment for ACI's own purposes, prevented use of the phone for other calls during the time of the intrusion, used up battery power, absorbed the limited space on their voice mail and took time to remove. The calls further demanded additional action on the part of the Plaintiff and putative class members, which was alarming or confounding, and further wasted their time.

4. Plaintiff brings this action individually and on behalf of a class of all persons

similarly situated as more particularly defined below.

## PARTIES

5.  Plaintiff ADAM GAVZER is a natural person and a citizen of the County of Marin, State of California.

6.  Defendant AMERICAN CORADIUS INTERNATIONAL LLC ("ACI") is a Delaware corporation with its principal place of business in Amherst, New York.

7.  At all times relevant herein, ACI is in the business of debt collection, and attempts to and does collect debt from consumers throughout the United States, including, but not limited to, California.

8.  At all times relevant herein, ACI routinely made collection and other calls to persons using an ATDS and/or artificial or pre-recorded voice.

## JURISDICTION AND VENUE

9.  This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); 28 U.S.C. §1331; *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740 (2012).

10. Declaratory relief is available under 28 U.S.C. §2201. Injunctive relief is available under 47 U.S.C. §227(b)(3)(A).

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District.

## FCC RULINGS AND OTHER LEGAL AUTHORITY IMPACTING CLAIMS BROUGHT UNDER THE TCPA

**A.   The FCC Has Broadly Interpreted the TCPA to Protect Consumers**

12. Congress has vested the Federal Communications Commission ("FCC") with the authority to issue interpretations, rules and regulations to implement the TCPA, and the FCC has done so in a series of Orders broadly interpreting the protections the TCPA provides to consumers. 47 U.S.C. §227(b)(2). According to findings by the FCC, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. *Rules and*

3
Complaint for Damages and Injunctive Relief

*Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

13. In enacting the TCPA, Congress recognized that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102–243, §11. Toward this end, Congress found that:

> [T]he evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call[.]

*Id.* at §§12-13.

**B.   The FCC Has Broadly Interpreted What Constitutes ATDS**

14. The FCC has ruled that the "capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers" without human intervention in the calling process is the hallmark of an ATDS. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶13; *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶132 (Fed. Commc'n Cmm'n July 3, 2003) ("2003 TCPA Order").

15. Following Congress' directive, the FCC has expanded the definition of ATDS to include predictive dialers. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, 18 FCC Rcd 14014, 14092-93 (June 26, 2003) at ¶133.

16. The FCC also has reaffirmed and repeated its prior ruling that the term "capacity" requires present ability rather than future possibility, because a broad reading of the statute is required "to ensure that the restriction on autodialed calls not be circumvented." *In re Matters of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, CG Docket No. 02-278, WC Docket No. 07-135, FCC 15-72 (July 10, 2015) ("2015 TCPA Order"), ¶19. Moreover "capacity" includes systems that include hardware and software that can be paired to function together to act as an ATDS, even where the equipment

would not be able to do so separately. *Id.* at ¶10.

17. With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, the Ninth Circuit has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated numbers, it need only have the *capacity* to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946 (9th Cir. 2009) (emphasis added).

18. The FCC also ruled, "We also reject [the] argument that the Commission should adopt a 'human intervention' test by clarifying that an autodialer is not an autodialer unless it has the capacity to dial numbers without human intervention. Because the Commission has previously rejected a restrictive interpretation of autodialer in favor of one based on a piece of equipment's potential ability, we find that [the] argument amounts to a simple variation on the 'present ability' arguments we reject above." 2015 TCPA Order at ¶20.

19. Enforcement of the TCPA is subject to a four-year statute of limitations pursuant to 28 U.S.C. §1658.

**FACTS**

**A.    ACI's Calls to Plaintiff**

20. Plaintiff is an individual, employed as a real estate agent.

21. One aspect of Plaintiff's job is that he must be constantly available via his cell phone

22. Plaintiff frequently receives calls from numbers not saved in the contact list of known callers on his phone. He feels obligated to answer all calls received, in order to ensure he gives his clients and potential clients the best service possible. Likewise, he must ensure that his voicemail box maintains sufficient capacity for incoming calls.

23. At all times relevant herein Plaintiff has owned and maintained a cell phone, and subscribed to cellular telephone phone service associated with the number XXX-XXX-0714, for which he was and is charged a monthly fee. He uses this cell phone for personal and professional purposes.

24. At all times relevant herein, Plaintiff was the sole subscriber or customary user for

1   the cell phone associated with the number XXX-XXX-0714.

2   25.   At all times relevant herein, Plaintiff maintained exclusive custody and control over
3   the cellular telephone and number at issue.

4   26.   Plaintiff maintains service for this cell phone via a "cellular telephone service" as
5   described in 47 U.S.C. § 227(b)(1)(A)(iii).

6   27.   Plaintiff is the subscriber of services that relate to the cellular service associated
7   with XXX-XXX-0714,

8   28.   At some unknown time, ACI began to attempt to collect a debt associated with one
9   "John Carlson."

10   29.   Plaintiff has never heard of a "John Carlson."

11   30.   Plaintiff has no relationship to anyone named "John Carlson."

12   31.   Plaintiff does not have an "established business relationship" with ACI as that term
13   is defined in 47 U.S.C. § 227(a)(2).

14   32.   Plaintiff does not owe any money to ACI.

15   33.   Plaintiff never gave ACI his cell phone number.

16   34.   At no point did Plaintiff provide prior express consent for ACI to call his cell
17   phone.

18   35.   None of the calls to Plaintiff's cellular telephone were placed for an "emergency
19   purpose" or with "prior express consent of the called party" within the meaning of 47 U.S.C.
20   §227(b)(1)(A).

21   36.   In early 2016, Plaintiff began receiving pre-recorded voice messages from ACI.
22   These calls referenced one "John Carlson," reference number XXXX-881.

23   37.   ACI used an ATDS to place these calls.

24   38.   Plaintiff received no less than 30 calls from ACI to his cellular telephone that
25   utilized an ATDS and/or artificial or prerecorded voice beginning in or about early 2016.

26   39.   If Plaintiff did not answer his phone, ACI would leave a voicemail using a
27   prerecorded voice. Each voicemail using a prerecorded voice says exactly the same thing, lasting
28   more than 30 seconds, which is as follows:

> *For your convenience, you can now visit us on the web at www.acibillpay.com. Have your reference number available with you when logging in. Again, refer to reference number xxxx811 and the number to call is (716) 418-7187. Thank you. For you convenience, you can now visit us on the web at www.acibillpay.com. Have your reference number available with you when logging in.*

40. After ACI began placing calls to Plaintiff, Plaintiff notified ACI that its calls for "John Carlson" were not reaching their intended recipient. Plaintiff also notified ACI that he had no relationship with ACI or "John Carlson."

41. Plaintiff demanded that ACI stop calling his cell phone.

42. Notwithstanding receipt of Plaintiff's requests that the calls stop, ACI continued to place calls to Plaintiff using an ATDS and/or artificial or prerecorded voice.

43. These unauthorized calls harmed Plaintiff because they caused him to suffer a nuisance and an invasion of privacy. Further, the calls wasted Plaintiff's time and money, as they required him to take time out of his schedule to deal with them, they trespassed on his use of the phone for which he was charged a monthly fee, they used up space on his voicemail, and they depleted the battery on his cellular telephone.

**B.     Common Allegations**

44. ACI used equipment that has or had the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, to place calls and/or text messages to the cellular telephone number belonging to Plaintiff, and thus constituted an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1).

45. ACI uses an ATDS and/or artificial or pre-recorded voice to contact large numbers of persons in the process of debt collection

46. ACI does not use ATDS and/or artificial or pre-recorded voice for "emergency purposes" as defined by 47 U.S.C. § 227 (b)(1)(A)(I).

47. ACI regularly contacts "wrong numbers"; i.e., individuals whose accounts are not

with ACI for collection purposes.

48. ACI regularly contacts people who have not consented to be called by ACI using both prerecorded messages and an ATDS.

49. ACI's ATDS and customer service representative have the capacity to identify those individuals who have been wrongly contacted by ACI concerning an account which is associated with a different individual. However, ACI does not disassociate a wrong number from a customer in its ATDS database.

50. Thus, wrongly targeted cell phone subscribers, whose names or cell phone numbers are associated with particular debtors of ACI may expect to receive calls even after they have complained asked ACI to stop the wrong number calls.

51. There is no exception or justification of the numerous violations of the TCPA by ACI.

52. ACI's calls to Plaintiff and the putative class members, by means of an ATDS and/or artificial or pre-recorded voice calling system, without their consent, including but not limited to the purpose of collecting on debt allegedly owed by another individual is an intrusion on seclusion that is highly offensive, and would be highly offensive to any reasonable person.

## **INJURY IN FACT**

53. Plaintiff and the putative class members have a legally protected privacy interest arising out of the TCPA to be free from unwanted calls and prerecorded messages to their cellular phones.

54. That protected interest bars ACI from intruding upon the Plaintiff's and the putative class members' privacy. Specifically, the TCPA bars ACI from calling these individuals on their cellular phones using restricted technology, unless ACI first obtained express consent.

55. Plaintiff and each putative class members received calls placed to their cell phones by ACI.

56. Each of those calls violated the individual rights of the Plaintiff and the putative class members, invading their privacy, causing frustration and annoyance, and impairing the use and value of their cellular phone services.

57. Such harm was proximately caused by ACI's violation of the TCPA all as more particularly set forth herein.

58. Accordingly, the acts and misconduct of ACI have caused the Plaintiff and each putative class member to have suffered injury in fact.

## CLASS ACTION ALLEGATIONS

59. It is ACI's policy and practice to place, in the course of business, to place calls using an ATDS and/or artificial or pre-recorded voice to individuals who have not consented to such calls, including those whose cellular telephone numbers are not assigned to a debtor's account.

60. Therefore, Plaintiff brings this class action on behalf of himself and on behalf of all other persons similarly situated as members of the proposed class, pursuant to Federal Rule of Civil Procedure 23. This action satisfied the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

61. The proposed ATDS Class consists of all persons in the United States excluding the Court and its staff:

    (a) To whose cellular telephone ACI placed one or more nonemergency call within four (4) years prior to the filing of this complaint;

    (b) To whom ACI used an automatic telephone dialing system ("ATDS");

    (c) Who did not provide their prior express consent for such calls; and

    (d) Who are not the actual account holders that ACI sought to contact in relation to the call.

62. The proposed Prerecord Class consists of all persons in the United States excluding the Court and its staff:

    (a) To whose cellular telephone ACI placed one or more nonemergency call within four (4) years prior to the filing of this complaint;

    (b) To whom ACI delivered a prerecorded or artificial voice message;

    (c) Who did not provide their prior express consent for such calls; and

    (d) Who are not the actual account holders that ACI sought to contact in

relation to the call.

63. The members of the class are so numerous that joinder of all claims would be impracticable. While the exact number of class members is unknown to Plaintiff at this time, that number exceeds 40 persons.

64. There are questions of law and fact common to the class, which predominate over any questions affecting individual class members. The predominant common questions include:

    (a) Whether ACI used an ATDS, or an artificial or prerecorded voice within the meaning of the TCPA and applicable FCC regulations, to place calls to the class;

    (b) Whether the class members gave consent to be called by ACI, since they were not party to any agreement with ACI;

    (c) The means used by ACI to identify class members as potential targets for calls concerning ACI's borrowers; and

    (d) Damages, including whether the violations were negligent, willful or knowing.

65. Plaintiff's claims are typical of the claims of the other members of the class. ACI's conduct has caused Plaintiff and members of the class to sustain the same or substantially similar injuries and damages. ACI's conduct has caused each member of the class to suffer a nuisance or invasion of privacy, intrusion upon their seclusion and use of the cell phones for which they paid a subscriber fee. ACI has acted in a uniform manner with respect to Plaintiff and the other class members. Plaintiff has no interests antagonistic to the interests of the other members of the class.

66. Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff is a member of the class and does not have any conflict of interest with other class members. Plaintiff has retained and is represented by competent counsel who are experienced in complex class action litigation and claims involving violations of the TCPA.

67. The nature of this action makes a class action the superior procedure to afford relief for the wrongs alleged herein. There will be no difficulty in the management of this class action. The identity of the putative class, as well as the fact and time of calls made to putative class

members, is ascertainable from electronic databases within ACI's custody or control. Individualized litigation presents the potential for inconsistent or contradictory judgments. A class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**CLAIM FOR RELIEF**
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*)**
**(Against ACI)**

68. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

69. The TCPA provides that it is unlawful for any person to make a non-emergency call using an automatic telephone dialing system or an artificial or recorded voice to any cellular phone service without prior express consent of the called party.

70. ACI violated the TCPA by impermissibly placing calls to the cellular telephones of Plaintiff and the members of the class using an ATDS or an artificial and/or artificial or prerecorded voice without their prior express consent.

71. Plaintiff and the members of the class have a legally protected interest in being free from the intrusion of calls placed by means of an ATDS and/or calls using an artificial or prerecorded voice without their consent. These unauthorized and offensive calls proximately caused harm to Plaintiff and the members of the putative class, because they caused such persons to suffer a nuisance and an invasion of privacy, all as more particularly described above.

72. ACI places calls to cell phones using an ATDS and/or artificial or prerecorded voice regarding the collection of alleged debts, and for other purposes, without the prior consent of the called parties.

73. ACI's violations were negligent, or alternatively, they were willful or knowing. 47 U.S.C. §312(f)(1).

74. That any subscriber to cell phone service should have to receive calls made for the purpose of collecting debts of any stranger, family member, friend or acquaintance is offensive, and the very harm Senator Hollings referred to as the "scourge of modern civilization." Plaintiff and the proposed class are precisely the persons sought to be protected by the TCPA, and are thus entitled to the full statutory remedies allowed by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Certify this matter as a class action under Rule 23(b)(2) and 23(b)(3);

B. Appoint the named Plaintiff, Adam Gavzer, as class representative;

C. Appoint the law firms KEMNITZER, BARRON & KRIEG LLP and LYNGKLIP & ASSOCIATES, PLC as Class Counsel herein;

D. Award statutory damages of $500 per violation determined to be negligent;

E. Award statutory damages of $1,500 per violation determined to be willful;

F. Grant a declaration that ACI's equipment and messages placed to Plaintiff and the class are regulated by the TCPA;

G. Enter an order enjoining ACI from further violations of the TCPA, namely prohibiting ACI from placing non-emergency calls to cellular phones using an automatic telephone dialing system and/or an artificial or prerecorded voice to persons who had no personal business relationship with ACI and thus had not given consent for such calls;

H. Grant costs of suit incurred herein;

I. Award reasonable attorneys' fees as part of a common fund, if any; and

J. Provide such other or further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

Dated: August 3, 2017   KEMNITZER, BARRON & KRIEG, LLP

By:   /s/ *Kristin Kemnitzer*
BRYAN KEMNITZER
NANCY BARRON
KRISTIN KEMNITZER
Attorneys for Plaintiff ADAM GAVZER and the putative class

LYNGKLIP & ASSOCIATES, PLC

By:   /s/ *Ian Lyngklip*
IAN LYNGKLIP
PRIYA BALI
Attorneys for Plaintiff ADAM GAVZER and the putative class